903 A.2d 508

KATHLEEN DONVITO, PETITIONER–APPELLANT, v. BOARD OF EDUCATION OF THE NORTHERN VALLEY REGIONAL HIGH SCHOOL DISTRICT, BERGEN COUNTY, RESPONDENT–RESPONDENT, AND LOUISE RYAN, INTERVENOR–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 24, 2006—Decided August 9, 2006.

Before Judges WEFING, WECKER and FUENTES.

*Louis P. Bucceri* argued the cause for appellant (*Bucceri & Pincus,* attorneys; *Mr. Bucceri,* of counsel and on the brief).

*Cherie L. Adams* argued the cause for respondent Northern Valley Regional High School District Board of Education (*Sills, Cummis, Epstein & Gross,* attorneys; *Ms. Adams,* of counsel and on the brief; *Steven M. Fleischer,* on the brief).

No brief was filed on behalf of intervenor-respondent Louise Ryan.

A brief was filed on behalf of amicus curiae Somerset County Educational Services Commission (*Schwartz, Simon, Edelstein, Celso & Kessler,* attorneys; *Nicholas Celso, III,* of counsel; *Mr. Celso, Marc H. Zitomer,* and *Judith D. O'Donnell,* on the brief).

A brief was filed on behalf of respondent New Jersey State Board of Education (*Zulima V. Farber,* Attorney General, attor-

ney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Carolyn Grace Labin,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

WEFING, P.J.A.D.

Kathleen Donvito was employed by the Northern Valley Regional High School District Board of Education ("Northern Valley" or "Board") from 1995 to 2002. In 2002, Northern Valley notified her it was not renewing her contract for the upcoming school year. Donvito filed a petition with the Commissioner of Education alleging that Northern Valley violated her tenure rights. The matter was referred to the Office of Administrative Law, and in July 2003, the administrative law judge granted summary judgment to Northern Valley, finding that Donvito had not achieved tenure status. The Commissioner of Education rejected the decision of the administrative law judge, reversed the grant of summary judgment to Northern Valley, granted summary judgment to Donvito, and ordered her reinstatement. Northern Valley appealed to the State Board of Education. In a divided vote, the State Board ruled that Donvito's employment with Northern Valley did not afford her tenure rights. Donvito has appealed. After reviewing the record in light of the contentions advanced on appeal, we affirm.

The matter was presented on stipulated facts. Donvito is certified as an elementary school teacher, as an English teacher, as a nursery school teacher, as a learning disabilities teacher consultant and as a teacher of the handicapped. In her first year with Northern Valley, 1995 to 1996, she worked as a per diem substitute teacher. Thereafter, she worked as a home instructor. The parties' stipulation of facts described her responsibilities as a home instructor in the following manner:

> [P]roviding instruction for those students who were unable to attend classes in school because of physical illness or other reasons. Home Instructors [teach] course content based upon the program requirements for graduation. Home Instructors work at times that [vary] depending upon the number of students

needing services. Since a student's absence is usually unpredictable, home instruction assignments are usually made with minimal advance notice.

As a home instructor, Ms. Donvito worked on an as-needed basis. She was paid an hourly rate, for the actual hours worked. The number of hours she worked, and the earnings she received, varied according to the need for her services. As a home instructor, she was not afforded the benefits provided for other teachers in the Northern Valley system.

Ms. Donvito also worked in other capacities in the Northern Valley system. Between 1998 and 2000, she worked as High School Proficiency Test and Special Review Assessment ("HSPT/SRA") tutor. For four months in 1999, she also worked as a Perkins Grant Counselor.[1]

Because of her fluctuating hours, her earnings also varied. Her gross earnings in 1997 from Northern Valley were $26,112.50, in 1998, $15,091.75, and in 1999, $20,738.42. In 2000, she received a contract to work as a special education teacher for Northern Valley from February 18, 2000 through June 30, 2000; she was paid on a 2/5 basis for a salary of $23,103.60. She signed another contract for the 2001 to 2002 school year as special education teacher. This was a 4/5 contract, for which she was paid a salary of $50,282.40. The present dispute developed when she did not receive a contract for the 2002 to 2003 school year.

Resolution of this appeal revolves around the proper construction and interplay of several statutes. As such, it involves a question of law, and our review of the Board's decision is not confined to a determination as to whether the result reached by the Board is "arbitrary, capricious or unreasonable or is not supported by substantial credible evidence in the record as a whole." *Watson v. City of E. Orange*, 175 *N.J.* 442, 815 *A.*2d 956 (2003). This court is " 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue,' and

---

[1] *Carl D. Perkins Vocational and Applied Technology Education Amendments of 1998, 28 U.S.C. §§ 2301–2308.*

we will intercede if the agency's action exceeds the bounds of its discretion." *In re Distribution of Liquid Assets Upon Dissolution of the Union County Reg'l High Sch. Dist. No. 1,* 168 *N.J.* 1, 11, 773 *A.*2d 6 (2001) (internal citations omitted); *In re Taylor,* 158 *N.J.* 644, 658, 731 *A.*2d 35 (1999).

Ms. Donvito points to *N.J.S.A.* 18A:28–5, which provides in pertinent part:

> The services of all teaching staff members employed in the position[ ] of teacher ... in positions which require them to hold appropriate certificates ... shall be under tenure during good behavior and efficiency ... after employment in such district or by such board for:
>
> (a) Three consecutive calendar years, or any shorter period which may be fixed by the employing board for such purpose; or
>
> (b) Three consecutive academic years, together with employment at the beginning of the next succeeding academic year; or
>
> (c) The equivalent of more than three academic years within a period of any four consecutive academic years.

Ms. Donvito points to her service for Northern Valley and, stressing that she taught the equivalent of more than three academic years within four consecutive academic years, contends she is entitled to tenure under *N.J.S.A.* 18A:28–5(c).

The Board does not dispute the statutory prescriptive periods within which an employee may obtain tenure. It contends, however, that Ms. Donvito's period of service as a home instructor does not count for purposes of computing eligibility for tenure. In support of this position, it points to *N.J.S.A.* 18A:16–1.1, which provides:

> In each district the board of education may designate some person to act in place of any officer or employee during the absence, disability or disqualification of any such officer or employee. . . .
>
> The act of any person so designated shall in all cases be legal and binding as if done and performed by the officer or employee for whom such designated person is acting but no person so acting shall acquire tenure in the office or employment in which he acts pursuant to this section when so acting.
>
> [*N.J.S.A.* 18A:16–1.1.]

Northern Valley contends that Ms. Donvito was acting "in the place of" regular faculty when she worked as a home instructor. Thus, it asserts, the period of her service as a home instructor

does not qualify for the accrual of tenure rights. Ms. Donvito, on the other hand, points to the interpretation of these statutes in *Spiewak v. Bd. of Ed. of Rutherford,* 90 *N.J.* 63, 447 *A.*2d 140 (1982), and *Sayreville Educ. Ass'n v. Bd. of Educ. of Sayreville, Middlesex County,* 193 *N.J.Super.* 424, 474 *A.*2d 1091 (App.Div. 1984).

Plaintiff Spiewak worked for the Rutherford Board of Education tutoring students with learning disabilities to provide them with special educational assistance. *Spiewak, supra,* 90 *N.J.* at 67, 447 *A.*2d 140. She was first hired in 1971 and, with the exception of the 1973–1974 academic year, continued to work on an hourly basis, without a contract. *Ibid.* In January 1977, she filed a petition with the Commissioner of Education, seeking a declaration as to her employment status and tenure eligibility. *Id.* at 69, 447 *A.*2d 140. The Commissioner ruled she was eligible to attain tenure, but the State Board reversed. *Ibid.* The matter proceeded to the Supreme Court after this court reversed the State Board and reinstated the Commissioner's ruling. 180 *N.J.Super.* 312, 434 *A.*2d 1105 (App.Div.1981). The Supreme Court affirmed this court, holding that "public school teachers who provide part-time remedial or supplemental instruction to educationally disabled children may acquire tenure if they meet the specific criteria in *N.J.S.A.* 18A:28–5." *Spiewak, supra,* 90 *N.J.* at 84, 447 *A.*2d 140. The Court concluded that plaintiff fell within the express terms of the tenure statute and that it was not free to disregard that clear directive from the Legislature. *Id.* at 80, 447 *A.*2d 140.

This court reached a similar result in *Sayreville, supra.* Defendant board was faced with three openings in February and March 1981 in light of the resignations and retirement of teachers on its staff, and it hired the individual plaintiffs to fill those openings. *Sayreville, supra,* 193 *N.J.Super.* at 426, 474 *A.*2d 1091. The board characterized them as long-term substitute teachers, and, in consequence, they did not receive the benefits of the regular teaching staff and did not accumulate credit toward tenure. *Id.* at

426–27, 474 A.2d 1091. They brought suit to challenge the board's determination in this regard. *Id.* at 427, 474 A.2d 1091.

We recognized that under *N.J.S.A.* 18A:16–1.1, substitute teachers do not earn credits toward tenure. *Ibid.* We held, however, that the statute was aimed at the use of a substitute teacher to fill a temporary absence, not filling a vacant position on a long-term basis. *Id.* at 428.

> The phrase, 'to act in place of any officer or employee during the absence, disability or disqualification of any such officer or employee' clearly implies a temporary arrangement. That is, the 'place' which is the intended subject of the statute is the place of another which that other will reclaim when his period of absence is over. The substitute is appointed to act for the other during that period. If that other employee has, however, terminated his employment, then the place which the appointee is filling is not the place of the other but rather a vacant place, and the statute ordinarily does not apply.
> [*Ibid.*]

In our judgment, a close reading of *Sayreville* does not provide the strong support for plaintiff's position that she puts forth. The court analyzed the various policy factors that it considered applicable. In doing so, it stated:

> A further significant consideration is the fact that when a substitute appointment is made because of a temporary absence, a board of education would have to incur the expense of providing duplicative benefits if both the substitute and the absent teacher were to be regarded as simultaneously entitled to all of the statutory and contractually mandated benefits of regular staff membership. Where, however, the absentee's employment relationship with the board has been terminated at the time the 'substitute' is appointed and there is hence a vacancy in that position, no question of duplication of benefits arises. Thus, in terms of a board's legitimate economic concerns, the withholding of regular staff membership from a substitute teacher who fills a position whose incumbent is only temporarily absent is a sensible approach and perhaps even a financial necessity. That is not so when the position is vacant and only one regular staff member, the 'substitute,' can occupy it.
> [*Id.* at 430, 474 A.2d 1091.]

Not only does that policy rationale not support plaintiff's position in this matter, it works against it. A holding that a home instructor is a teaching staff member does entail a duplication of benefits and expenses because the hiring board of education must continue to pay the salary and benefits of the teacher who is providing instruction to the balance of the class who are physically present.

Our judgment in this matter is further informed by information developed during oral argument which made clear that home instructors are relieved of many of the obligations which are the responsibility of the regular, full-time, teaching staff. Home instructors, for instance, do not have to develop lesson plans to guide their instructional efforts. Rather, they employ the lesson plans developed by the regular classroom teacher because the goal is to return the student to the regular class at the same level as his or her classmates have achieved in the interim.

Further, not every district employs individuals solely as home instructors. Some, for instance, view home instruction as an opportunity to permit members of the full-time teaching staff to earn additional compensation.

Additionally, members of the full-time regular teaching staff are employed by one board or district. That is not necessarily the case with home instructors, who can work for several different districts at the same time.

We find other support for the conclusion that home instructors are not part of the regular teaching staff for purposes of *N.J.S.A.* 18A:28–5 in the regulation, which excludes home instructor income from earnings which are eligible for pension credit. *N.J.A.C.* 17:3–4.1(a)(2)(xix).

The nature of plaintiff's employment indicates that she functioned in a manner analogous to an independent contractor. We do not denigrate the value of her contributions to the education of the students with whom she worked, but, at bottom, her employment lacked the regularity, the consistency and the demands of the position of a regular full-time teacher. Although the length of her employment by Northern Valley may be equivalent to "more than three academic years within a period of . . . four consecutive academic years," she did not work in a position which carried with it eligibility to attain tenure status.

The Final Decision of the New Jersey State Board of Education is affirmed.