**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1477-18T4

GAIL MIRDA,

      Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE UNION COUNTY
EDUCATIONAL SERVICES
COMMISSION, UNION COUNTY,

      Respondent-Respondent.

_____

Argued December 4, 2019 - Decided December 16, 2019

Before Judges Haas and Mayer.

On appeal from the New Jersey Commissioner of Education, Docket No. 286-11/16.

William P. Hannan argued the cause for appellant (Oxfeld Cohen, PC, attorneys; Gail Oxfeld Kanef, of counsel; William P. Hannan, of counsel and on the brief).

Brent R. Pohlman argued the cause for respondent Union County Educational Services Commission

(Methfessel & Werbel, attorneys; Brent R. Pohlman and Scott Ketterer, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Donna Arons, Assistant Attorney General, of counsel; Jaclyn M. Frey, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Gail Mirda appeals from a November 9, 2018 final decision of the Commissioner of Education (Commissioner), finding she did not accrue tenure rights as a bedside tutor. We affirm.

Respondent Union County Educational Services Commission (Commission) provides one-to-one bedside instruction at Trintas Regional Medical Center for students enrolled in various schools within the Commission's jurisdiction who are hospitalized and unable to attend regular classes. A person providing bedside instruction is designated as either an Inpatient Teacher (Teacher) or Bedside Tutor (Tutor). A Teacher is a full-time salaried Commission employee. A Tutor is paid hourly and has no specific work hours.

Teachers and Tutors have overlapping responsibilities for hospitalized students. Both are responsible for assessing student skills, receiving lesson plans from the schools, and utilizing pre-developed packets to address student skill deficits. However, only Teachers are responsible for attending faculty

meetings and professional development days, identifying new students for services, creating schedules for Tutors, and notifying Tutors of their start date for instructional services.

Teachers work exclusively for the Commission during the school day. Tutors may seek other employment if it does not interfere with bedside instruction on behalf of the Commission. Teachers are observed and evaluated annually by the Department of Education. Tutors are not.

Teachers receive health benefits, and are paid for absences attributable to sick days, family illness, and personal emergencies. Tutors are not entitled to these benefits. Teachers accrue a pension through the Teacher's Pension and Annuity Fund, while Tutors accrue a pension through the Public Employee Retirement System.

Mirda holds a teaching certificate as a teacher of the handicapped. She worked for the Commission as a Tutor at Trinitas Hospital from October 1998 to November 2013. From 2006 to 2013, Mirda served as a Tutor five days per week, six to eight hours per day, for ten months of the school year.

Mirda submitted a petition of appeal to the Commissioner, claiming she accrued tenure rights between 2006 and 2013. The Commission filed its answer, denying Mirda accrued tenure from 2006 to 2013. The matter was transferred

3

to the Office of Administrative Law and assigned to an Administrative Law Judge (ALJ).

The Commission and Mirda filed motions for summary decision based on stipulated facts. In granting the Commission's motion and denying Mirda's cross-motion, the ALJ issued a comprehensive written decision, concluding Mirda failed to acquire tenure in her position as a bedside tutor. The Commissioner adopted the ALJ's decision.

On appeal, Mirda argues she acquired tenure as a bedside tutor in accordance with N.J.S.A. 18A:28-5. Mirda also contends she was not acting as a substitute teacher and therefore the exception to tenure under N.J.S.A. 18A:16-1.1 was inapplicable.

The standard for granting a motion for summary decision under N.J.A.C. 1:1-12.5(b) is "substantially the same" as that governing a motion for summary judgment under Rule 4:46-2. Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995). We review de novo the Commissioner's determination that no genuine issue of material fact existed and "strive to give substantial deference to the interpretation [the] agency gives to a statute that the agency is charged with enforcing." In re Application of Viruta-West Jersey

<u>Hosp. Voorhees for a Certificate of Need</u>, 194 N.J. 413, 422-23 (2008) (alteration in original).

We are not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." <u>Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Public Safety</u>, 64 N.J. 85, 93 (1973). Our courts will not uphold an unreasonable interpretation of a statute. <u>Zimmerman v. Sussex Cty. Educ. Servs. Comm'n</u>, 237 N.J. 465, 476 (2019) (citing <u>In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008</u>, 201 N.J. 254, 260 (2010)).

The right to tenure is governed by N.J.S.A. 18A:28-5. There are three requirements for tenure: "(1) [work] in a position for which a teaching certificate is required; (2) [hold] the appropriate certificate; and (3) [serve] the requisite period of time." <u>Spiewak v. Bd. of Educ. of Rutherford</u>, 90 N.J. 63, 74 (1982). If an employee satisfies these requirements, he or she is "presumptively eligible for tenure unless a statutory exception applies." <u>Ibid.</u>

The parties agree Mirda satisfied the requirement of N.J.S.A. 18A:28-5 to be eligible for tenure. The issue is whether any of the statutorily created exceptions precluded Mirda's right to tenure.

The Commissioner found Mirda was not entitled to tenure because she was acting in place of a regular classroom teacher and thus fell under the statutory exception set forth in N.J.S.A. 18A:16-1.1. That statute provides:

> [i]n each district the board of education may designate some person to act in place of any officer or employee during the absence, disability or disqualification of any such officer or employee subject to the provisions of [N.J.S.A. 18A:17-13]. The act of any person so designated shall in all cases be legal and binding as if done and performed by the officer or employee for whom such designated person is acting but no person so acting shall acquire tenure in the office or employment in which he acts pursuant to this section when so acting.
>
> [N.J.S.A. 18A:16-1.1.]

We agree that Mirda did not acquire tenure rights for the cogent reasons expressed by the ALJ. Based on the case law, statute, and applicable regulations, the ALJ correctly concluded that bedside tutors whose function is akin to a substitute or temporary replacement teacher or home instructor are acting in place of students' regular classroom teachers and not entitled to tenure.

Home instructors[1] take the place of regular classroom teachers based on the student's inability to attend school. As the ALJ correctly observed, bedside

_____

[1] "Home instruction" is defined as "the provision of one-to-one, small-group, or online instruction in the student's place of residence or other appropriate setting due to a health condition [or] need for treatment . . . ." N.J.A.C. 6A:16-1.3.

tutors are analogous to "home instructors" because both "act in the place of classroom teachers as a result of the students' absence from the classroom" and "are only needed because the regular classroom teachers are unable to provide the student with instruction during his or her absence." See Donvito v. Bd. of Educ. of N. Valley Regional High School Dist., 387 N.J. Super. 216, 222-23 (App. Div. 2006).

N.J.S.A. 18A:16-1.1 applied to Mirda's employment as a Tutor because she was acting in the place of regular classroom teachers. The regular classroom teachers were "disqualified" from teaching the hospitalized students while simultaneously teaching their regular classroom student, satisfying the statutory exception to the accrual of tenure. As we explained in Donvito, a board of education's fiscal concerns undermine finding that a home instructor is entitled to tenure as such a holding would "entail a duplication of benefits and expenses because the hiring board of education must continue to pay the salary and benefits of the teacher who is providing instruction to the balance of the class who are physically present." Id. at 222.

Here, the same legitimate economic policy reasons apply because the member school districts, which contracted with the Commission to provide bedside instruction, sought to avoid the expense of providing duplicate benefits

7

to a Tutor and classroom teacher.  Mirda was designated to act in the place of a classroom teacher who was "disqualified" from simultaneously teaching classroom students and students medically unable to attend class.  Therefore, the Commissioner correctly determined Mirda did not acquire tenure rights as a Tutor.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1477-18T4